IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 JUN 28  AM 10: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JULIE HASSAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-02-N-1589-S |
| | ) | |
| JACKSON HEWITT, INC.; | ) | |
| BRENDA SPAHN; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Jackson Hewitt, Inc. ("JHI") and Brenda Spahn ("Spahn") hereby file their Joint Notice of Removal of the above-captioned action to this Court and state as follows:

1.      Plaintiff filed an action in the Circuit Court of Jefferson County, Alabama, Civil Action No. CV02-3082 ("the state court action"), which falls in the Southern Division of the Northern District of Alabama.

2.      The documents attached hereto as Exhibit A constitute all of the process and pleadings served in the state court action.

3.      This action falls within the 28 U.S.C. § 1331 federal question jurisdiction of the federal court.

        a.      The complaint alleges a cause of action for overtime pay against JHI and Spahn in violation of the Fair Labor Standards Act ("the FLSA") , 29 U.S.C. §§ 201-219, which requires employers to pay additional compensation for **overtime work,** "at a rate not less than one

and one-half times the regular rate of pay" for any time spent working in excess of forty hours per week. 29 U.S.C. § 207.

> b.    The complaint states as follows:
>
> . . .   Jackson Hewitt represented that **overtime pay**, as well as reimbursements for gasoline and mileage expenses would be paid the Plaintiff.

(Compl. ¶ 7)(emphasis added).

> The actions of Jackson Hewitt and its agents were part of a pattern and practice of wrongful conduct to decrease the amount of bonus monies, **overtime pay**, and reimbursement expenses for gasoline and mileage paid to its employees and to increase the profits of the Defendants.

(Compl. ¶ 9)(emphasis added).

> c.    Although the complaint does not specifically refer to the FLSA, that is not determinative of the federal court's jurisdiction. For a case to "arise under" federal law, it is not necessary that the complaint make specific reference to a federal statute, or that the plaintiff have expressly sought a federal remedy for the alleged wrongdoing. The federal court should look to the substance of the allegations of the complaint when deciding whether the complaint alleges a federal cause of action. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983) (plaintiff may not defeat removal by omitting necessary federal question from complaint); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("[T]he removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleadings exclusively in terms of state law. **The reviewing court looks solely at the substance of the complaint, not the labels used in it**.") (emphasis added), *cert. denied*, 450 U.S. 949 (1981); *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976) ("**A party may**

not fraudulently evade removal by drafting a complaint so that the true purpose of the lawsuit is artfully disguised.") (emphasis added); *Smith v. Local No. 25, Sheet Metal Workers Int. Ass'n,* 500 F.2d 741, 748 n.6 (5th Cir. 1974) ("[F]ederal jurisdiction may be sustained if granted by a federal statute even though such statute is not pleaded or relied upon in the district court. **We look to the substance of the complaint, not the labels attached.**") (emphasis added); 14A Wright, Miller, Cooper, *Federal Practice and Procedure* § 3722 p. 276 (2nd ed. 1985) ("[T]he plaintiff's failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal.").[1]

Here, the plaintiff specifically alleges that JHI and/or Spahn failed to pay her overtime, as required by law. A federal question is affirmatively and distinctly presented on the face of the plaintiff's well-pleaded complaint. Furthermore, in Counts One through Four of the complaint, plaintiff adopts and realleges her overtime claim and states that as a result of Defendants' actions, "she has suffered monetary losses" and incurred damages. Plaintiff's failure to include a separate count for her FLSA claim is merely artful pleading, which cannot avoid divesting the federal court of jurisdiction. *See Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1161 (5th Cir. 1989) (under artful pleading doctrine, if court concludes that plaintiff's failure to plead federal claim was not in good faith, but rather an attempt to conceal that claim is truly federal, court will allow removal); *cert. denied,* 493 U.S. 1074 (1990); *M. Nahas & Co. v. First National Bank of Hot*

---

[1]    *See also Ashley v. Southwestern Bell Tel. Co.,* 410 F. Supp. 1389, 1292 (W.D. Tex. 1976) ("[T]he role of the Federal District Court in considering the propriety of removal is always to look to the essence or real nature of the claim asserted in the complaint to ascertain whether it involves a federal question, regardless of whether it is so characterized."; "Neither artful or inartful pleading, nor inadvertence, mistake or fraud can keep the Federal Courts from their appointed task of reaching the real nature of the claim asserted in plaintiff's complaint and uncovering any lurking federal question.").

*Springs*, 930 F.2d 608, 612 (8th Cir. 1991) (plaintiff cannot thwart removal by inadvertently, mistakenly, or fraudulently concealing federal question that would necessarily have appeared had complaint been well pleaded); *University Books v. Metropolitan Dade County*, 930 F. Supp. 1534, 1537 (S.D. Fla. 1996) ("`When plaintiffs' complaint clearly raises a federal issue on its face, any attempt to minimize those claims in an effort to circumvent removal will fail'"); *Moore's Federal Practice* § 107.14[3][a][iii] (3rd ed. 1997) ("[A] plaintiff cannot defeat removal simply by omitting to plead a necessary federal question in the complaint; in this situation, the necessary federal question will be deemed to be alleged in the complaint."). *See also Waycaster v. AT&T Technologies*, 636 F. Supp. 1052, 1055-1057 (N.D. Ill. 1986) (former employee who alleged retaliation under workers compensation statute and who was covered under collective bargaining agreement stated a claim under the LMRA, and therefore action was removable).

Several courts have expressly rejected a plaintiff's attempt to recast a FLSA claim as a state law cause of action. *See generally, Roman v. Maietta Construction, Inc.*, 147 F.3d 71, 76 (1st Cir. 1998)( FLSA is exclusive remedy for plaintiff's unpaid compensation claims); *Petras v. Johnson*, 1993 U.S. Dist. LEXIS 8464 * 7 (S.D.N.Y. June 16, 1993) (In dismissing plaintiff's fraud claim, the court reasoned, "[i]t is clear then that the defendants' alleged fraud lies simply in concealing plaintiff's rights under the FLSA."); *Tombrello v. USX Corporation*, 763 F. Supp. 541, 545 (N.D. Ala. 1991)( plaintiff cannot circumvent the FLSA by bringing equivalent state law claim).

Further, FLSA claims are generally removable. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 2002 U.S. App. LEXIS 10739 * 7 (11th Cir. June 5, 2002); *Nieves v. Deshler*, 786 F.2d 445,451 (1st Cir. 1986); *Brown v. Sasser*, 128 F. Supp. 2d 1345 (M.D. Ala. 2000); *Bingham v. Newport News Shipbuilding and Drydock Co*, 3 F. Supp. 2d 691 (E.D. Va. 1998).

4

      d.     Pursuant to 28 U.S.C. § 1367(a), the federal court has supplemental jurisdiction of plaintiff's state claims of fraud, negligent and/or wanton training, hiring and retention of employees, and breach of contract because the claims are so related to plaintiff's overtime claim that they form part of the same case or controversy.

      4.     As required by 28 U.S.C. § 1446(d), a true copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Jefferson County, Alabama, and served on the plaintiff.

      Respectfully submitted this _28th_ day of June, 2002,


By: _____
     Douglas B. Kauffman
     Robin Laurie
     Monica G. Graveline
     BALCH & BINGHAM LLP
     P. O. Box 306
     Birmingham, Alabama 35201
     (205) 251-8100

     Attorneys for Defendant
     Jackson Hewitt, Inc.


By: _____
     Christopher B. Parkerson
     David Cromwell Johnson & Associates
     2101 Fourth Avenue South, Suite 200
     Birmingham, Alabama 35233
     (205) 327-5700

     One of the Attorneys for Defendant
     Brenda Spahn

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed on this _2<u>s</u>ᵗ_ day of June, 2002:

Phillip McCallum
McCallum & Methvin, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205

_____
Of Counsel

6

State of Alabama
Unified Judicial System

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not for Domestic Relations Cases)

**CV02  3082** Case Number
CV-2002-
Date of Filing:
Judge Code: _____

IN THE **CIRCUIT** COURT OF **JEFFERSON** COUNTY, ALABAMA

Plaintiffs:        Julie Hassan                    Defendants:        Jackson Hewitt, Inc.; Brenda Spahn
First Plaintiff:   An individual                   First Defendant:   Business

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

**TORTS PERSONAL INJURY**

| | | | | | | |
|---|---|---|---|---|---|---|
| ___ | WDEA - | Wrongful Death | ___ | RPRO - | Real Property |
| X | TONG - | Negligence - General | ___ | ACCT - | Account & Non-Mortgage |
| ___ | TOMV - | Negligence - Motor Vehicle | ___ | COXX - | Contract: All other |
| X | TOWA - | Wantonness | ___ | CVRT - | Civil Rights |
| ___ | TOPL - | Product Liability/AEMLD | ___ | WTEG - | Wills/Trusts/Estates/Guardianships |
| ___ | TOMM - | Malpractice - Medical | ___ | EQND - | Non-Damage Actions |
| ___ | TOLM - | Malpractice - Legal | | | (Declaratory Judgment, Injunction) |
| ___ | TOOM - | Malpractice - Other | ___ | MSHC - | Habeas Corpus/Extraordinary Writ |
| X | TOXX - | Other: __Fraud__ | ___ | ADPA - | Admin.Procedure Act |
| | | | ___ | FELA - | Railroad/Seaman (FELA) |

**TORTS PROPERTY INJURY**

| | | | | | | |
|---|---|---|---|---|---|---|
| ___ | TOPE - | Personal Property | ___ | COMP - | Workmen's Compensation |
| ___ | TORE - | Real Property | ___ | COND - | Condemnation (Fruits of Crime&c) |
| | | | ___ | CVXX - | Other:_____ |

**ORIGIN** (*check one*):    F __X__  Initial Filing    A ____  Appeal from District Court    O____  Other:
R____  Remanded    T____  Transferred from other Circuit Court    _____

**HAS JURY TRIAL BEEN DEMANDED?** __X__ Yes___ No  Note: Checking "Yes" does not constitute a demand for jury trial.(See Rules 38 & 39, ARCP for procedure).

**RELIEF REQUESTED:** $Award By Jury        Compensatory        $_____        General
$Award By Jury        Punitive        ____        NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**        Date: _5/15/02_        _signature_

YAN006        Signature of Attorney
P. Michael Yancey

**DISPOSITION DATA (To be completed by the Court)**

DISPOSITION DATE:        ADMINISTRATIVE DOCKET:        TRIAL BEGUN NO VERDICT:        JUDGE TAKING FINAL ACTION:
Judge Code:_____

| Month  Day  Year | Month  Day  Year | Month  Day  Year | |

**JUDGMENT FOR PLAINTIFF**                 **JUDGMENT FOR DEFENDANT**

| Type: | Amount: | | Type: | Amount: | |
|---|---|---|---|---|---|
| F ____ Default | $_____ Compensatory | | F ____ Default | $_____ Compensatory |
| A ____ Consent | $_____ Punitive | | A ____ Consent | $_____ Punitive |
| M ____ Summary | $_____ General | | M ____ Summary | $_____ General |
| N ____ Bench Trial | ____ **NO MONETARY AWARD** | | N ____ Bench Trial | ____ **NO MONETARY AWARD** |
| J ____ Jury Trial | | | J ____ Jury Trial | |
| O ____ Other:_____ | | | O ____ Other:_____ | |

**DISMISSALS**

| | | | |
|---|---|---|---|
| R___ | Dismissed With Prejudice T___ | Transferred to Other Circuit/Venue | **TRIAL BEGAN:**_____ |
| P___ | Dismissed Without | Other:_____ | **TRIAL ENDED:**_____ |
| S___ | Prejudice | | **NUMBER OF TRIAL DAYS:**_____ |

**EXHIBIT A**

```
AVSO351                                              CV 2002 003082.00

                                            JUDGE: JOSEPH L. BOOHAKER

                        ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                              CIRCUIT CIVIL

  IN THE CIRCUIT  COURT OF JEFFERSON      COUNTY

  JULIE HASSAN VS JACKSON HEWITT INC ET AL
  FILED:  05/20/2002 TYPE: NEGLIGENCE-GENERAL    TYPE TRIAL: JURY      TRACK:

**********************************************************************************
DATE1:              CA:                    CA DATE:
DATE2:              AMT:           $.00  PAYMENT:
DATE3:
**********************************************************************************
PLAINTIFF   001: HASSAN JULIE
                                      ATTORNEY: YANCEY PERRY MICHAEL
                                      YAN006
                  , AL  00000-0000
                  PHONE: (205)000-0000
ENTERED:   05/21/2002 ISSUED:          TYPE:
SERVED:              ANSWERED:            JUDGEMENT:
--------------------------------------------------------------------------------
DEFENDANT   001: JACKSON HEWITT INC
                 % THE CORPORATION COMPANY  ATTORNEY: *** PRO SE ***
                 2000 INTERST PK DR/STE204
                 MONTGOMERY, AL  36109-0000
                 PHONE: (205)000-0000
ENTERED:   05/21/2002 ISSUED:          TYPE:
SERVED: 5/28/02      ANSWERED:            JUDGEMENT:
--------------------------------------------------------------------------------
DEFENDANT   002: SPAHN BRENDA
                 9105 PKWY EAST             ATTORNEY: *** PRO SE ***
                                            David C. Johnson
                 BHAM, AL  35206-0000
                 PHONE: (205)000-0000
ENTERED:   05/21/2002 ISSUED:          TYPE:
SERVED: 5/24/02      ANSWERED:            JUDGEMENT:
--------------------------------------------------------------------------------
   SUMMONS & COMPLAINT -INTGS-RQ PROD
```

6-13-02, Deft BS - Mot. to dismiss
6-19-02, Order - Deft BS Mot to dismiss - Overruled - 30 dys to
          Answer - Judge JLB

```
AB   05/21/2002                                    CV 2002 003082.00
```

```
VS0352                                                      CV 2002 003082.00
                                              JUDGE: JOSEPH L. BOOHAKER
-----------------------------------------------------------------------------|
                     ALABAMA JUDICIAL DATA CENTER
                   CASE ACTION SUMMARY CONTINUATION
                            CIRCUIT CIVIL
-----------------------------------------------------------------------------|
   IN THE CIRCUIT  COURT OF JEFFERSON      COUNTY                             |
   JULIE HASSAN VS JACKSON HEWITT INC ET AL                                   |
 FILED:  05/20/2002 TYPE:  NEGLIGENCE-GENERAL     TYPE TRIAL:  JURY    TRACK: |
*****************************************************************************|
 DATE1:              CA:                    CA DATE:                          |
 DATE2:              AMT:          $.00  PAYMENT:                             |
*****************************************************************************|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
-------|---------------------------------------------------------------------|
AB    05/21/2002
```

**SENDER** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**C V 02  3082**

Jackson Hewitt, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

2. Article Number
*(Transfer from service label)*

**7002 0460 0000 5700 7064**

PS Form 3811, August 2001          Domestic Return Receipt

---

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

102595-02-M-0835



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Ms. Anne-Marie Adams
ANNE-MARIE ADAMS
Jefferson County Courthouse, Suite 400
CLERK
716 Richard Arrington Jr. Blvd North
Birmingham, AL 35203

FILED IN OFFICE

MAY 2 9 2002



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Mrs. Brenda Spahn
9105 Parkway East
Birmingham, Alabama 35206

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Anna Corley                    □ Agent
                                 □ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   ANNACORLEY

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ▣ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number                CV02 3082
   (Transfer from service label)
                                 7002 0460 0000 5700 7057

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835



UNITED STATES ( TAL SERVICE

03

• Sender: Please print your name, address, and ZIP+4 in this box •

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Ms. Anne-Marie Adams, Clerk of Court
Jefferson County Courthouse, Room 400
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

FILED IN OFFICE

MAY 2 8 2002

ANNE-MARIE ADAMS
Clerk

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,                         )
                                      )
    Plaintiff,                  )
                                      )
vs.                                   )     CASE NUMBER CV 02-3082 JLB
                                      )
JACKSON HEWITT, INC.;                 )
BRENDA SPAHN, et al                   )
                                      )
    Defendants.                 )

**FILED IN OFFICE**

**JUN 13 2002**

**ANNE-MARIE ADAMS**
**Clerk**

### MOTION TO DISMISS
D-2

    Comes now the Defendant Brenda Spahn, by and through the undersigned attorney and moves this Court to dismiss this action against her and in support offer the following:

    1.    Defendant Spahn owns no interest in any business that has ever contracted with or made promises to the Plaintiff. (Please refer to attached Articles of Incorporation of Tax Max, Inc.).

    2.    Defendant Spahn has never contracted with the Plaintiff. (Please refer to attached Affidavit of Brenda Spahn).

    WHEREFORE, PREMISES CONSIDERED, the Defendant Brenda Spahn respectfully request that the Plaintiff's Complaint against her be dismissed, that the Plaintiff take nothing thereby, that Defendant Spahn be awarded her costs herein laid out and expended, including a reasonable attorney's fee, and all other just and appropriate relief to which they may be entitled.

**OVERRULED**

30 days to answer.

JUDGE   Date 6-19-02

Respectfully submitted,

_____
**DAVID CROMWELL JOHNSON**

### ORAL ARGUMENT IS NOT REQUESTED.

OF COUNSEL:
David Cromwell Johnson & Associates
2101 Fourth Avenue South, Suite 200
Birmingham, AL 35233
(205) 327-5700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE PLEADING ON ALL ATTORNEYS OF RECORD IN THIS CAUSE VIA U.S. MAIL, POSTAGE PREPAID, OR VIA HAND DELIVERY, ON THIS THE ___ DAY OF ___ 200_.

_____

9 9 1 6 / 6 9 5 9

Articles of Incorporation
of
Tax Max, Inc.

1. **Name**.
The name of the Corporation is Tax Max, Inc..

2. **Principal Office and Registered Agent**.
Its registered office in the State of Alabama is 9105 Parkway East Birmingham, AL 35206, in the City of Birmingham, County of Jefferson.  The name of its registered agent at such address is Jeff Spahn.

3. **Purposes**.
The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Alabama.

4. **Capital Stock**.
The total number of shares of capital stock that the Corporation shall have authority to issue is 100, all of which are to be common stock with $1.00.

5. **Incorporator**.
The name and mailing address of the incorporator is:  Melinda McGahee, 3518 Belmont Rd, Birmingham AL 35210.

6. **Existence**.
The Corporation is to have perpetual existence.

7. **Liability of Stockholders**.
The private property of the stockholders shall not be subject to the payment of corporate debts.

8. **Management**.
Subject to the provisions of the laws of the State of Alabama, the following provisions are adopted for the management of the business and for the conduct of the affairs of the Corporation, and for defining, limiting and regulating the powers of the Corporation, the directors and the stockholders:

    (a) The books of the Corporation may be kept outside of the State of Alabama at such place or places as may from time to time be designated by the Board of Directors.
    (b) The business of the Corporation shall be managed by its Board of Directors; and the Board of Directors shall have power to exercise all the powers of the Corporation, including (but without limiting the generality hereof) the power to create mortgages upon the whole or any part of the property of the Corporation, real or personal, without any action of or by the stockholders, except as otherwise provided by statute or by the Bylaws.
    (c) An increase in the number of directors shall be deemed to create a vacancy or vacancies

- 1 -

in the Board of Directors, to be filled in the manner provided in the Bylaws.  Any director or any officer elected or appointed by the stockholders or by the Board of Directors may be removed at any time, in such manner as shall be provided in the Bylaws.

(d)  The Board of Directors shall have power to make and alter Bylaws, subject to such restrictions upon the exercise of such power as may be imposed by the stockholders in any bylaws adopted by them from time to time.

(e)  The Board of Directors shall have the power, in its discretion, to fix, determine and vary, from time to time, the amount to be retained as surplus and the amount or amounts to be set apart out of any of the funds of the Corporation available for dividends as working capital or a reserve or reserves for any proper purpose, and to abolish any such reserve in the manner in which it was created.

(f)  The Board of Directors shall have the power, in its discretion, from time to time, to determine whether and to what extent and at what times and places and under what conditions and regulations the books and accounts of the Corporation, or any of them, other than the stock ledger, shall be open to the inspection of stockholders; and no stockholder shall have any right to inspect any account or book or document of the Corporation, except as conferred by law or authorized by resolution of the directors or of the stockholders.

(g)  Upon any sale, exchange or other disposal of the property and/or assets of the Corporation, payment therefor may be made either to the Corporation or directly to the stockholders in proportion to their interests, upon the surrender of their respective stock certificates, or otherwise, as the Board of Directors may determine.

(h)  In case the Corporation shall enter into any contract or transact any business with one or more of its directors, or with any firm of which any director is a member, or with any corporation or association of which any director is a stockholder, director or officer, such contract or transaction shall not be invalidated or in any way affected by the fact that such director has or may have an interest therein which is or might be adverse to the interests of the Corporation, even though the vote of such director might have been necessary to obligate the Corporate upon such contract or transaction; provided, that the fact of such interest shall have been disclosed to the other directors or the stockholders of the Corporation, as the case may be, acting upon or with reference to such contract or transaction.

(i)  The Corporation reserves the right to amend, alter, change, add to or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by statute; and all rights herein conferred are granted subject to this reservation.

I, THE UNDERSIGNED, the incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Alabama, do make this Articles of Incorporation, hereby declaring and certifying that this is my act and deed and the facts herein stated are true, and accordingly have hereunto set my hand this /5 day of _____ , 01.

Melinda McGahee

- 2 -

State of ___AL___ )
                  ) ss
County of ___Jefferson___ )

BE IT REMEMBERED that on this ___Dec 15  99___ personally came before me, a Notary
Public for the State of ___AL___, Melinda McGahee, to me personally known to be
the same person who executed the foregoing Articles of Incorporation, and acknowledged that
said person signed as the person's free act and deed the foregoing document and declared that the
statements therein contained are true to the person's best knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year above written.

_____
Notary Public

My commission expires:

___01-30-03___

- 3 -

# STATE OF ALABAMA

**I, Jim Bennett, Secretary of State of the State of Alabama, having custody of the Great and Principal Seal of said State, do hereby certify that**

pursuant to the provisions of Section 10-2B-4.02, Code of Alabama 1975, and upon an examination of the corporation records on file in this office, the following corporate name is reserved as available:

Tax Max, Inc.

This domestic corporation name is proposed to be incorporated in Jefferson County and is for the exclusive use of Melinda Megahee, 9105 Parkway East, Birmingham, AL 35206 for a period of one hundred twenty days beginning December 8, 1999 and expiring April 7, 2000.



State of Alabama - Jefferson County
I certify this instrument filed on:

1999 DEC 30 A.M. 11:02
Recorded and $                                    Mtg. Tax
and $
$                              Deed Tax and Fee Amt.
        36.00  Total $       36.00
GEORGE R. REYNOLDS, Judge of Probate

9916  /6959



**In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State, at the Capitol, in the City of Montgomery, on this day.**

December 8, 1999
**Date**

**Jim Bennett**                    **Secretary of State**

STATE OF ALABAMA)
JEFFERSON COUNTY)

### AFFIDAVIT

Personally appeared before me, the undersigned authority in and for said county and said state, Brenda Spahn, who being duly sworn, deposes and states as follows:

I, Brenda Spahn do not own any interest in any business that employs Julie Hassan. I do not exercise control of any stock of any business that employs Julie Hassan. I am a general manager of Tax Max, Inc., which is where Julie Hassan is employed. This is our only contact. I have never signed a contract personally guaranteeing anything to Julie Hassan.

Sworn to and subscribed to by me on this the 10th day of June 2002

_____
Brenda Spahn

Sworn to and subscribed to before me on this the 10th day of June 2002.

_____
Notary Public
My Commission Expires: 11/22/02

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,              FILED IN OFFICE

Plaintiff,          MAY 20 2002  )

           ANNE-MARIE ADAMS Action Number: CV02 3082

JACKSON HEWITT, INC.;   Clerk  )
BRENDA SPAHN; et. al.;         )
                    )
Defendants.        )

### SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service:  You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Defendant:

**PLAINTIFFS HEREBY REQUEST SERVICE BY CERTIFIED MAIL**

# Mrs. Brenda Spahn
# 9105 Parkway East
# Birmingham, Alabama 35206

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Phillip W. McCallum and P. Michael Yancey, McCal...
whose address is 2201 Arlington Avenue S...
MUST BE MAILED OR DELIVERED W...
SUMMONS AND COMPLAINT WERE I...
DEFAULT MAY BE ENTERED AGAIN...
DEMANDED IN THE COMPLAINT. Y...
Clerk of this Court within a reasonable tim...

Dated **MAY 20 2002**

Mrs. Brenda Spahn
9105 Parkway East
Birmingham, Alabama 35206

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,

    Plaintiff,

JACKSON HEWITT, INC.;
BRENDA SPAHN; et. al.;

    Defendants.

FILED IN OFFICE

MAY 2 0 2002

ANNE-MARIE ADAMS
Clerk

)
)
)
) Civil Action Number:    CV02 3082
)
)
)
)
)
)

## SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Defendant:

**PLAINTIFFS HEREBY REQUEST SERVICE BY CERTIFIED MAIL**

## Jackson Hewitt, Inc.
## c/o The Corporation Company
## 2000 Interstate Park Drive, Suite 204
## Montgomery, Alabama 36109

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Phillip W. McCallum and P. Michael Yancey, McCallum whose address is 2201 Arlington Avenue Sout MUST BE MAILED OR DELIVERED WITH SUMMONS AND COMPLAINT WERE DEI DEFAULT MAY BE ENTERED AGAINST DEMANDED IN THE COMPLAINT. You m Clerk of this Court within a reasonable time af

Dated **MAY 2 0 2002**

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Postmark
Here

Sent To   Jackson Hewitt, Inc.

Street, A,
or PO Bo   c/o The Corporation Company
2000 Interstate Park Drive, Suite 204

City, Stat   Montgomery, Alabama  36109

PS Form

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,

FILED IN OFFICE

       Plaintiff,

MAY 2 0 2002

CV02 3082

ANNE-MARIE ADAMS Civil Action Number:
Clerk

JACKSON HEWITT, INC.;
BRENDA SPAHN;

Defendant "A," are those individuals or corporations, whether singular or plural, being that person, firm, or entity who or which committed the action of fraud complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein; **Defendant "B"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who or which is reliable for the acts or omissions complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein; **Defendant "C"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who or which is responsible for the negligent and/or wanton training, supervision, hiring and retention of those responsible for the ownership, management, sales and service as complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein; **Defendant "D"** are those individuals or corporations whether singular or plural, being that person, firm or entity whose negligence or other wrongful conduct contributed to cause the Plaintiff's injuries and damages complained of herein; **Defendant "E"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who was the principle of any of the named or above described Defendant; **Defendant "F"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who or which is liable for the breach of contract complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein; **Defendant "G"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who or which sought to conspire against the Plaintiff and/or contributed to the Plaintiff's injuries and damages complained of herein; **Defendant "H"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who contributed in any way to the damages and injuries of which Plaintiff complains, whose names are otherwise unknown, but will be added by amendment when ascertained;

Defendants.

---

## PLAINTIFF'S COMPLAINT

---

      COMES NOW, the Plaintiff, **JULIE HASSAN**, (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and states the following Complaint:

## INTRODUCTION

1.    This is an action brought by the Plaintiff for damages caused by the wrongful acts

of the Defendants committed during their dealings with the Plaintiff during and after her

duration as an employee of Jackson Hewitt, Inc. Included in the Complaint are claims relating to

fraud, negligent and/or wanton training, supervision, hiring and retention of employees, and

breach of contract.

2.    The Plaintiff claims that the Defendants are responsible as a result of their acts

and omissions for the damages and personal injuries the Plaintiff has incurred. The Defendants

include the corporate entity, Jackson Hewitt, a local Jackson Hewitt franchise owner, Brenda

Spahn, as well as all others involved who caused the Plaintiff's damages and injuries. The claims

include fraud, negligence, wantonness, and breach of contract.

## PARTIES

3.    The Plaintiff, **JULIE HASSAN**, is an adult citizen of Jefferson County, Alabama,

where she resides and was employed during the time period which is made a basis of this

Complaint.

4.    The following are made Defendants in this action:

**Jackson Hewitt, Inc.** is a foreign corporation. At all times relevant hereto,

Jackson Hewitt, Inc. was doing business in the State of Alabama, specifically

within Jefferson County, Alabama. Among other things, Jackson Hewitt, Inc. is

responsible for the negligent and/or wanton training, supervision, hiring and

retention of employees and is referred to herein interchangeably as "Jackson

Hewitt."

2

**Brenda Spahn** is an adult resident citizen of Jefferson County, Alabama. At all times relevant hereto, Brenda Spahn was doing business in Jefferson County, Alabama. Among other things, Brenda Spahn is responsible for breach of contract and fraudulent actions against the plaintiff and is referred to herein interchangeably as "Spahn."

**Fictitious Defendants A, B, C, D, E, F, G, and H** are those entities unknown to the Plaintiff at this time, or who are only known by the Defendants, as well as other entities whose true names and identities are unknown to Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery.

All the parties made defendants to the action, including those described as fictitious, are referred to collectively as the "Defendants".

### GENERAL FACTUAL ALLEGATIONS

5.     In October 2001, the Plaintiff entered into an employment contract with Jackson Hewitt and/or Brenda Spahn, which specified, among other things, the Plaintiff's required duration of employment and amount to be paid in compensation, reimbursements, and other proceeds to be executed at the fulfillment of the contract.

6.     Jackson Hewitt, by and through its agents or employees, including Brenda Spahn, acting within the line and scope of their authority and for its benefit, misrepresented material facts to Julie Hassan. Among other things, Jackson Hewitt misrepresented that the Plaintiff would receive compensation at the end of her term of employment and that this compensation would be calculated in relation to the volume of business conducted during her term of

3

employment at each Jackson Hewitt office the Plaintiff managed. As an inducement and

incentive, the Defendants represented that the more work the Plaintiff generated, the more she

would be paid. Said representations were false, and Defendants knew they were false when

made. Alternatively, the Defendants made the representations recklessly and without regard to

their truth or falsity. Plaintiff relied upon these misrepresentations to her detriment and suffered

damages as a proximate result of said misrepresentations.

      7.     Jackson Hewitt, by and through its agents or employees, including Brenda Spahn,

acting within the line and scope of their authority and for its benefit, misrepresented material

facts to the Plaintiff. Among other things, Jackson Hewitt represented that overtime pay, as well

as reimbursement for gasoline and mileage expenses would be paid the Plaintiff. Additionally,

Defendants misrepresented that compensation in addition to the Plaintiff's base salary would be

paid after each Jackson Hewitt managed by the Plaintiff determined its volume of business for

the time in which the Plaintiff was employed. Said representations were false, and Defendants

knew they were false when made. Alternatively, the Defendants made the representations

recklessly and without regard to their truth or falsity. Plaintiff relied upon these

misrepresentations to her detriment and suffered damages as a proximate result of said

misrepresentations.

      8.     The actions of the Defendants combined and concurred to cause the Plaintiff's

damage.

      9.     The actions of Jackson Hewitt and its agents were part of a pattern and practice of

wrongful conduct to decrease the amount of bonus monies, overtime pay, and reimbursement

expenses for gasoline and mileage paid to its employees and to increase the profits of the

Defendants.

4

10.     The acts of the Defendants have caused the Plaintiff physical and mental distress.

## COUNT ONE

11.     Plaintiff adopts and re-alleges the preceding averments.

12.     Defendants Jackson Hewitt and Brenda Spahn are liable to the Plaintiff for intentional misrepresentation and/or reckless misrepresentation and/or active concealment of material facts upon which the Plaintiff either relied and/or was induced to act to her detriment. Plaintiff has suffered monetary losses as well as physical and mental distress.

## COUNT TWO

13.     Plaintiff adopts and re-alleges the preceding averments.

14.     To the extent this theory of liability conflicts with other claims stated, the following is pleaded in the alternative. All of the relevant foregoing paragraphs and factual allegations made throughout the Complaint are incorporated by reference to the following section:

15.     The Defendant, Jackson Hewitt, Inc., is liable for the negligent and/or wanton training, supervision, hiring and retention of those responsible for the management of its business operations and personnel, as well as all facets of the company's operations. Jackson Hewitt negligently and/or wantonly trained, supervised, hired, and retained Brenda Spahn. Defendant, Jackson Hewitt, Inc., had a duty to properly supervise those responsible for the management of its business operations and personnel, including Brenda Spahn, in a manner that would minimize the inherent risks associated with such improper management. Defendant, Jackson Hewitt, Inc., breached its duty of proper training, supervision, hiring and retention by failing to exercise due care and/or failing or refusing to exercise any care. As a direct and

5

proximate result of the Defendant, Jackson Hewitt Inc.'s, negligence and/or wantonness, the Plaintiff suffered injury and incurred damages.

<h3 align="center">COUNT THREE</h3>

16.    Plaintiff adopts and re-alleges the preceding averments.

17.    Defendants Jackson Hewitt and Brenda Spahn breached their contract with the Plaintiff when agreed upon compensation was not paid the Plaintiff as promised by the Defendants. Defendants also fraudulently induced the Plaintiff to enter into the contract for employment.

18    As a result of the Defendants' breach of contract, the Plaintiff sustained damages that were reasonably foreseeable.

<h3 align="center">COUNT FOUR</h3>

19.    Plaintiff adopts and re-alleges the preceding averments.

20.    Defendant Jackson Hewitt, by and through its agents or employees acting within the line and scope of their authority, including Brenda Spahn, committed fraud upon the Plaintiff as described throughout this Complaint by misrepresenting to the Plaintiff material facts including that certain compensation would be paid the Plaintiff, allowing the Plaintiff to perform work and incur expenses with the anticipation of the compensation and reimbursement, and by never paying and/or reimbursing the Plaintiff said monies.

21.    The Defendants' fraudulent conduct proximately caused damages to the Plaintiff after she had reasonably relied on the misrepresentations and suppressions of the Defendants.

<h3 align="center">GENERAL CLAIMS OF LIABILITY</h3>

<h3 align="center">PATTERN AND PRACTICE OF WRONGFUL CONDUCT</h3>

22.    To the extent the following allegations and claims of liability conflict with other

6

portions of the Complaint, the following is pleaded in the alternative. All of the relevant foregoing paragraphs and factual allegations made throughout the Complaint are incorporated by reference to the following section.

23.     The Defendants engaged in a statewide pattern and practice of intentional wrongful conduct by which the Defendants continued to perpetrate the original frauds, misrepresentations, suppressions, deceit and fraudulent deceit against the Plaintiff, as well as other employees of Jackson Hewitt in Alabama, as described throughout this Complaint. The Defendants' actions as described in this Complaint constitute fraud, misrepresentations of material facts, suppression of material facts, deceit and fraudulent deceit. The Defendants' actions were also negligent, fraudulent, malicious, wanton gross and/or oppressive, and were intended to injure or defraud Plaintiff as well as other Jackson Hewitt employees in Alabama. Defendants' actions constituted conduct involving actual malice, or in the alternative, were a part of a pattern or practice of intentional wrongful conduct. As a direct and proximate result of Defendants' combining and concurring negligent and/or wanton acts, the Plaintiff and other Jackson Hewitt employees were caused to suffer damages, and were subjected to financial loss, economic hardship and mental anguish.

### VICARIOUS LIABILITY

24.     To the extent this theory of liability conflicts with other claims stated, the following is pleaded in the alternative. All of the relevant foregoing paragraphs and factual allegations made throughout the Complaint are incorporated by reference to the following section:

25.     Plaintiff alleges that Defendants, Jackson Hewitt and Brenda Spahn are vicariously liable for one another's actions or inactions, as well as for the conduct, actions,

7

and/or inactions of their general agents, agents and employees under the doctrines of general agency, agency, sub-agency, respondeat superior and/or other doctrines. The Plaintiff alleges that the general agents, agents and employees referenced herein include, but are not limited to employees of Jackson Hewitt from the corporate level to the franchise owners in the greater Birmingham area, its president, owners, managers, and employees, and others involved in the representation of the contracts, supervision, hiring, training, and retention of employees, and others authorized to represent Jackson Hewitt. Each of the Defendants are responsible for the actions and/or inactions of the other Defendants.

## CIVIL CONSPIRACY

26. To the extent this theory of liability conflicts with other claims stated, the following is pleaded in the alternative. All of the relevant foregoing paragraphs and factual allegations made throughout the Complaint are incorporated by reference to the following section:

27. The Defendants are liable for the civil conspiracy resulting from the Defendants having combined for the purpose of accomplishing the tortious acts and omissions as described throughout this Complaint. This concerted effort exercised by the Defendants was ongoing and was undertaken as an unlawful purpose or a lawful purpose unlawfully, culminating in the damages and personal injuries complained of by the Plaintiff.

## FICTITIOUS PARTIES

28. To the extent the following allegations and claims of liability conflict with other portions of the Complaint, the following is pleaded in the alternative. All of the relevant foregoing paragraphs and factual allegations made throughout the Complaint are incorporated by reference to the following section. In addition to the facts alleged throughout the Complaint, the

8

following factual allegations serve as additional basis for the Plaintiff's claims against Fictitious Defendants A, B, C, D, E, F, G, and H.

29.     There may be other entities whose true names and identities are unknown to Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure. The word "entity" as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, and any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

> a.     **Defendant "A,"** are those individuals or corporations, whether singular or plural, being that person, firm, or entity who or which committed the action of fraud complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein;
>
> b.     **Defendant "B"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who or which is reliable for the acts or omissions complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein;
>
> c.     **Defendant "C"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who or which is responsible for the

9

negligent and/or wanton training, supervision, hiring and retention of those responsible for the ownership, management, sales and service as complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein;

d. **Defendant "D"** are those individuals or corporations whether singular or plural, being that person, firm or entity whose negligence or other wrongful conduct contributed to cause the Plaintiff's injuries and damages complained of herein;

e. **Defendant "E"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who was the principle of any of the named or above described Defendant;

f. **Defendant "F"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who or which is reliable for the breach of contract complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein;

g. **Defendant "G"** are those individuals and are corporations, whether singular or plural, being that person, firm or entity who or which sought to conspire against the Plaintiff complained of herein and/or contributed to the Plaintiff's injuries and damages complained of herein;

h. **Defendant "H"** are those individuals or corporations, whether singular or plural, being that person, firm or entity who contributed in any way to the damages and injuries of which Plaintiff complains, whose names are otherwise unknown, but will be added by amendment when ascertained;

10

## DAMAGES

30.     The Plaintiff seeks recovery, remedy and compensation for her damages and

injuries caused by the wrongful acts and omissions of the Defendants. The Plaintiff has suffered

mental anguish and frustration as a direct result of each of the Defendants' acts and omissions.

The mental anguish was a foreseeable result of the Defendants' acts and/or omissions. There are

other damages and injuries as herein alleged for which the Plaintiff seeks recovery and remedy

and compensation, as well as new and additional damages which continue to occur and/or be

discovered.

31.     Plaintiff demands judgment against Defendants, both named and fictitious,

separately and severally, for compensatory damages and punitive damages, in an amount to be

determined by a struck jury, plus interest and costs, and any and all other relief to which Plaintiff

may be entitled.

32.     **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

_____
PHILLIP W. MCCALLUM,  BAR #MCC063
P. MICHAEL YANCEY, BAR #YAN006
Attorneys for Plaintiff
JULIE HASSAN

**OF COUNSEL:**

McCallum & Methvin, P.C.
2201 Arlington Avenue South
Birmingham, Alabama  35205
(205)939-0199
(205) 939-0399

11

**Plaintiff's Address**

Julie Hassan
c/o McCallum & Methvin, P. C.
2201 Arlington Avenue South
Birmingham, AL 35205

**Serve Defendants by Certified Mail**

**Jackson Hewitt, Inc.**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama 36109**

**Mrs. Brenda Spahn**
**9105 Parkway East**
**Birmingham, Alabama 35206**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,

FILED IN OFFICE

MAY 20 2002

ANNE-MARIE ADAMS
Clerk

Plaintiff,

)
)
)
) Civil Action Number:    CV02 3082
)

JACKSON HEWITT, INC.;
BRENDA SPAHN; et. al.;

Defendants.

)
)
)
)

**PLAINTIFF'S FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT, JACKSON HEWITT, INC.**

COMES NOW the Plaintiff, JULIE HASSAN, in the above-styled cause, pursuant to the

Alabama Rules of Civil Procedure, and hereby requests Defendant **Jackson Hewitt, Inc**. to

respond to Plaintiff's Interrogatories and Request for Production of Documents within the time

prescribed by law:

**DEFINITIONS**

1.      **"You" or "Your."** As used in this request, the terms "you" and "your" refer to
the Defendant and to each and every person employed by or working under the supervision,
direction or control of the Defendant and to its attorneys, accountants and agents.

2.      **"Document."** Any original written, typewritten, handwritten, printed or recorded
material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any
time in your possession, custody or control; and, without limiting the generality of the foregoing
definition, but for the purposes of illustration only, "document" includes notes, correspondence,
memoranda, business records, diaries, calendars, address and telephone records, photographs,
tape recordings, financial statements and records, promotional materials, examinations, reports
of examinations, and records stored on any computer storage device be it a hard disk, zip drive,
tape, compact disc, floppy disc, or other.

If any document was, but is no longer, in your possession or subject to your control, state
what disposition was made of it, by whom, and the date or dates or approximate date or dates on
which such disposition was made, and why.

3.      **"Person."** Any individual, corporation, partnership, joint venture or firm.

4.      **"Policy."** Any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded which was recognized by you.

5.      **"Affiliate."** Any person in which you or your parent or subsidiary have an ownership interest, legal or equitable.

6.      **"Identify."**

(a)     As to a person (as defined):  name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business;

(b)     As to a document:  The type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure;

(c)     As to a communication:  the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed;

(d)     As to a meeting:  the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Is this defendant correctly named in the Complaint?  If not please state the correct name of this defendant or the proper legal party.

2.      Please state the full name, address and telephone number of each person or persons answering these interrogatories on behalf of the defendant.

3.      Please provide the date of your incorporation, the state in which you are incorporated, and your registered agent for service of process.

4.      Please provide the last known names, addresses, and telephone numbers of all

officers and directors of this corporation.

     5.     Please state what business relationship, if any, you have with any other defendants named in this lawsuit.

     6.     Please provide documents reflecting any contracts, agreements, invoices, purchase orders, cancelled checks, payments, pay stubs, time sheets, and employee files and records pertaining to the Plaintiff.

     7.     Identify any and all persons who have made complaints to you with respect to the service or quality of any work done by the Plaintiff and identify all communications with such persons pertaining to the Plaintiff.

     8.     Please provide documents, files and records bearing the name of the Plaintiff.

     9.     Please describe and produce any materials or documents of any kind which would reflect the background checks and/or investigative procedures performed on Brenda Spahn, the Plaintiff, and/or any prospective franchise owner, officer, director, district or territory manager, store manager, and employee of Jackson Hewitt, Inc.

     10.     Please produce any flyers, brochures, pamphlets, hand-outs, video tapes, CD roms, or any other materials which you offer relative to the franchise ownership of a Jackson Hewitt office.

     11.     Please produce copies of any and all contracts and agreements reflecting any contractual arrangement you have with the Plaintiff and/or any other defendant named in this lawsuit.

     12.     Are you licensed with any governmental agency in Alabama?  If so, state which agency and all dates of any license.

     13.     Please produce copies of any and all business licenses held by you in any city,

county or with the State of Alabama, from 1990 to the present.

14.    If you have ever been involved in any civil action in the State of Alabama (other than the present case) where damages were sought, either as a plaintiff or defendant, please state the style of the case, the jurisdiction where the case was filed, the date of the filing, the names of all Plaintiff and defendants, the cause of action, and the disposition of each such case.

15    List each and every complaint, whether formal or informal, that has been filed against Jackson Hewitt by employees of all Jackson Hewitt franchise owners and/or their employees in the State of Alabama.  In your answer, provide the name of the person(s) who made the complaint, the date of the complaint, a summary of the complaint and how the complaint was resolved.

16    List the names and addresses of all individuals who were employed in any of the Birmingham Alabama area Jackson Hewitt stores from October 2001 to the present.

17.    Was the Defendant, Brenda Spahn, an approved and/or licensed franchise owner of Jackson Hewitt?

18.    If yes to the preceding Interrogatory, did Brenda Spahn have to pay Jackson Hewitt application and/or licensing fee? If so, state the following:

       a.    Cost of such fees;

       b.    Duration of approval;

       c.    Status of license.

19.    Was Brenda Spahn presented with any awards, and/or reprimands in the course of her being a franchise owner for Jackson Hewitt? If so, identify each award and/or accolade given.

20    List each and every complaint, whether formal or informal, that has been filed

against Defendant Brenda Spahn as a result of her services.  In your answer, provide the name of the person(s) who made the complaint, the date of the complaint, a summary of the complaint and how the complaint was resolved.

21.    Did you receive any commissions, payments, and/or royalties from Brenda Spahn?  If so, describe how you earned the commission, payment, and/or royalty and state the method used to calculate the commission, payment, and/or royalty.

22..    Describe with particularity all training of Brenda Spahn conducted by Jackson Hewitt, including but not limited to training and/or teaching procedure(s) with regard to owning a Jackson Hewitt franchise?

23.    Since being approved and/or licensed by Jackson Hewitt, has Brenda Spahn continuously maintained Jackson Hewitt's approval and/or license status?  If at any time she lost your approval and/or license status, provide the date she lost your approval and/or license and the reason she lost your approval and/or license. If she was going to be suspended or her franchise revoked, please describe.

Phillip McCallum, MCC083
P. Michael Yancey, YAN006
Attorneys for Plaintiff, JULIE HASSAN

OF COUNSEL:
McCallum & Methvin, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama  35205
(205) 939-3006

PLEASE SERVE THIS DISCOVERY WITH THE SUMMONS AND COMPLAINT

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JULIE HASSAN,

    Plaintiff,

JACKSON HEWITT, INC.;
BRENDA SPAHN; et. al.;

    Defendants.

FILED IN OFFICE

MAY 20 2002

ANNE-MARIE ADAMS
Clerk

Action Number:  **CV02 3082**

)
)
)
)
)
)
)
)
)
)

### PLAINTIFF'S FIRST INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, BRENDA SPAHN

    COMES NOW the Plaintiff, JULIE HASSAN, in the above-styled cause, pursuant to the

Alabama Rules of Civil Procedure, and hereby requests Defendant **Breda Spahn** to respond to

Plaintiff's Interrogatories and Request for Production of Documents within the time prescribed

by law:

### DEFINITIONS

    1.    **"You" or "Your."** As used in this request, the terms "you" and "your" refer to
the Defendant and to each and every person employed by or working under the supervision,
direction or control of the Defendant and to its attorneys, accountants and agents.

    2.    **"Document."** Any original written, typewritten, handwritten, printed or recorded
material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any
time in your possession, custody or control; and, without limiting the generality of the foregoing
definition, but for the purposes of illustration only, "document" includes notes, correspondence,
memoranda, business records, diaries, calendars, address and telephone records, photographs,
tape recordings, financial statements and records, promotional materials, examinations, reports
of examinations, and records stored on any computer storage device be it a hard disk, zip drive,
tape, compact disc, floppy disc, or other.

    If any document was, but is no longer, in your possession or subject to your control, state
what disposition was made of it, by whom, and the date or dates or approximate date or dates on
which such disposition was made, and why.

3.      **"Person."** Any individual, corporation, partnership, joint venture or firm.

4.      **"Policy."** Any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded which was recognized by you.

5.      **"Affiliate."** Any person in which you or your parent or subsidiary have an ownership interest, legal or equitable.

6.      **"Identify."**

(a)     As to a person (as defined):  name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business;

(b)     As to a document: The type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure;

(c)     As to a communication:  the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed;

(d)     As to a meeting:  the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Is this defendant correctly named in the Complaint?  If not please state the correct name of this defendant or the proper legal party.

2.      Please state the full name, address and telephone number of each person or persons answering these interrogatories on behalf of the defendant.

3.      Please provide a list of all businesses you own in the State of Alabama and the date upon which each business was incorporated.

4.      Please provide the last known names, addresses, and telephone numbers of all

employees of each business who were employed from October 2001 to the present.

5. Please state what business relationship, if any, you have with any other defendants named in this lawsuit.

6. Please provide documents reflecting any contracts, agreements, invoices, purchase orders, cancelled checks, payments, pay stubs, time sheets, and employee files and records pertaining to the Plaintiff.

7. Identify any and all persons who have made complaints to you with respect to the service or quality of any work done by the Plaintiff and identify all communications with such persons pertaining to the Plaintiff.

8. Please provide documents, files and records bearing the name of the Plaintiff.

9. Please describe and produce any materials or documents of any kind which would reflect the background checks and/or investigative procedures performed on any prospective officer, director, district or territory manager, store manager, and employee of Jackson Hewitt, Inc.

10. Please produce any flyers, brochures, pamphlets, hand-outs, video tapes, CD roms, or any other materials which you offer relative to becoming an employee with Jackson Hewitt.

11. Please produce copies of any and all contracts and agreements reflecting any contractual arrangement you have with the Plaintiff and/or any other defendant named in this lawsuit.

12. Are you licensed with any governmental agency in Alabama? If so, state which agency and all dates of any license.

13. Please produce copies of any and all business licenses held by you in any city,

county or with the State of Alabama, from 1990 to the present.

14. If you have ever been involved in any civil action in the State of Alabama (other than the present case) where damages were sought, either as a plaintiff or defendant, please state the style of the case, the jurisdiction where the case was filed, the date of the filing, the names of all Plaintiff and defendants, the cause of action, and the disposition of each such case.

15 List each and every complaint, whether formal or informal, that has been filed against you as a result of your services. In your answer, provide the name of the person(s) who made the complaint, the date of the complaint, a summary of the complaint and how the complaint was resolved.

16. Were you an approved and/or licensed franchise owner of Jackson Hewitt?

17. If yes to the preceding Interrogatory, did you have to pay Jackson Hewitt application and/or licensing fee? If so, state the following:

      a. Cost of such fees;

      b. Duration of approval;

      c. Status of license.

18. Were you presented with any awards or accolades due to being a franchise owner for Jackson Hewitt? If so, identify each award and/or accolade given.

19. What was Jackson Hewitt's training and/or teaching procedure(s) with regard to owning a Jackson Hewitt franchise?

20. Since being approved and/or licensed by Jackson Hewitt, have you continuously maintained Jackson Hewitt's approval and/or license status? If at any time you lost your approval and/or license status, provide the date she lost your approval and/or license and the reason you lost your approval and/or license. If you were going to be suspended or your

franchise revoked, please describe.

_____
Phillip McCallum, MCC062
P. Michael Yancey, YAN006
Attorneys for Plaintiff, JULIE HASSAN


OF COUNSEL:
McCallum & Methvin, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama  35205
(205) 939-3006


**PLEASE SERVE THIS DISCOVERY WITH THE SUMMONS AND COMPLAINT**