FILED

**United States District Court
Northern District of Alabama
Southern Division**

02 SEP 18 AM 10: 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **Julie Hassan,** | ] |
| Plaintiff, | ] |
| vs. | ] CV-02-N-01589-S |
| **Jackson Hewitt, Inc., et al.,** | ] |
| Defendants. | ] |

ENTERED
SEP 18 2002

**Memorandum of Opinion**

### I. Introduction.

Before the court is the plaintiff's motion to remand, filed July 29, 2002. [Doc. # 13.] The issues have been fully briefed and are now ripe for decision. Upon due consideration, the action is due to be remanded to the Circuit Court of Jefferson County, Alabama, whence it was improvidently removed.

### II. Facts.

Julie Hassan ("Hassan") filed this action in the Circuit Court of Jefferson County on May 20, 2002, naming as defendants Jackson Hewitt, Inc. ("Jackson Hewitt"), Brenda Spahn ("Spahn"), and several fictitious defendants. Hassan alleged that she entered into an employment contract with the defendants in October, 2001, and that the contract "specified . . . compensation, reimbursements, and other proceeds" due to her thereunder. [Compl. ¶ 5.] Additionally, Hassan alleged that the defendants misrepresented certain facts relating to the compensation she would be paid, including that she would receive "overtime pay." [Compl. ¶ 7.] She also alleged that the defendants conducted "a pattern and practice of



wrongful conduct to decrease the amount of . . . overtime pay . . . paid to its employees." [Compl. ¶ 9]. The original complaint contained four counts and three "general claims of liability:" misrepresentation; negligent and/or wanton training, supervision, hiring, and retention; breach of contract; fraud; pattern and practice of wrongful conduct; vicarious liability; and civil conspiracy. On June 13, 2002, Defendant Spahn filed a motion to dismiss with the clerk of the Circuit Court of Jefferson County. [Doc. # 13, Motion to Remand ¶ 2.] That motion was denied on June 19, 2002. [Doc. # 13, Motion to Remand ¶ 3.] Hassan amended her complaint in the Circuit Court of Jefferson County on June 27, 2002. [Doc. # 13, Motion to Remand ¶ 4.] The amended complaint substituted Tax Max, Inc. ("Tax Max") and Excell Financial Services, Inc. ("Excell") for fictitious defendants A and E, respectively, and asserted claims based upon allegations of misrepresentation; negligent and wanton training, supervision, hiring, and retention; breach of contract; fraud; vicarious liability; and civil conspiracy.

Defendants Jackson Hewitt and Spahn filed a notice of removal in this court on June 28, 2002, asserting the existence of a federal question under 28 U.S.C. § 1331. [Doc. # 1.] Although the complaint on its face asserts only state common law claims, the defendants argued that the complaint actually alleges an "artful[ly] plead[ed]" claim for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. [Doc. # 1, Notice of Removal ¶ 3c.] Despite the fact that Hassan's demand for relief does not request any overtime pay due to her under law, the defendants contended that her claims arise under the FLSA. The defendants urged the court to examine "the substance of the allegations of the complaint when deciding whether the complaint alleges a federal cause of action."

[Doc. # 1, Notice of Removal ¶ 3c.]

On July 5, 2002, Jackson Hewitt supplemented its notice of removal to include the amended complaint, which had been served on the defendants on June 28, 2002. [Doc. # 4.] On July 26, 2002, Tax Max and Excell filed a joinder in and consent to the joint notice of removal. [Doc. # 11.]

Hassan's motion to remand was filed July 29, 2002. [Doc. # 13.] In her motion, Hassan argued that: (1) under the well-pleaded complaint rule, her complaint does not state a federal cause of action under the FLSA but rather relies solely on state law theories of recovery, (2) the doctrine of complete preemption does not apply to make a state law claim involving overtime pay removable, and (3) even if her state law claims are removable, the defendants waived their right to remove by filing a dispositive motion in the Circuit Court of Jefferson County. In opposition to the motion to remand, Jackson Hewitt expressly disavowed any reliance on the complete preemption doctrine as a basis for its removal of the case. [Doc. # 19, Def's Opp'n, at 1.] Jackson Hewitt contended that the well-pleaded complaint does, in fact, plead a claim for failure to pay overtime compensation, which it characterized as an FLSA claim. Pointing to three scattered references in the complaint to "overtime pay," Jackson Hewitt argued that Hassan's failure to label the claim as one arising under the FLSA does not foreclose federal jurisdiction in this case. Without elaborating on the precise contours of the concept, Jackson Hewitt relied on the "artful pleading" doctrine in alleging that the complaint states a claim for overtime pay under the FLSA.

**III.    Discussion.**

For removal under 28 U.S.C. § 1441 to be proper, the federal court must have

subject-matter jurisdiction in the case. The removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions). The defendants in this case invoke the court's federal question jurisdiction as the basis for removal, alleging essentially that the plaintiff's state law claims involving promised overtime pay are nothing more than cleverly disguised claims for overtime pay due under the FLSA. The analysis of federal question jurisdiction in this case must begin with the principle that the plaintiff "is master to decide what law he will rely upon," *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913), and can choose to rely solely on state law, "although both state and federal law may give him a cause of action." *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a case ordinarily cannot be "removed on the basis of a federal defense, including . . . preemption." *Caterpillar*, 482 U.S. at 393. Hassan's complaint raises claims that arise solely out of state law, so "application of the well-pleaded complaint rule would lead to a finding that federal jurisdiction is improper." *Campbell*, 19 F. Supp. 2d at 1271.

To establish federal jurisdiction, the defendants must show that this case fits into one

of the narrowly drawn exceptions to the well-pleaded complaint rule. Although the well-pleaded complaint rule governs most cases, courts have recognized as "an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983). The Supreme Court has established a limited set of exceptions to the well-pleaded complaint rule that "give form to the general principles expressed in *Franchise Tax Board*." *Campbell*, 19 F. Supp. 2d at 1271. The defendants have invoked the "artful pleading doctrine" as an exception to the well-pleaded complaint rule in this case, but defendant Jackson Hewitt has expressly disavowed any reliance on the complete preemption doctrine. However, as the artful pleading doctrine upon which Jackson Hewitt primarily relies is intertwined with the principles underlying the complete preemption doctrine, *see id.* at 1275 (stating that the artful pleading doctrine implicates "the same principles as those involved in the complete preemption arena"), an analysis of the "complete preemption" corollary to the well-pleaded complaint rule is appropriate.[1] The court will therefore address each of these exceptions in turn in order to reach a final ruling on the question of federal jurisdiction.

### A.  Complete Preemption.

The "complete preemption" corollary to the well-pleaded complaint rule permits a

---

[1] The line between the "artful pleading" doctrine and the "complete preemption" doctrine is blurred at best. *See, e.g., Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 2d 1217, 1220 (N.D. Ala. 2000) ("[T]he latter is a subset of the former."); *Campbell*, 19 F. Supp. 2d at 1275 (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998) ("This 'artful pleading' doctrine represents "another corollary" to the well-pleaded complaint rule."); *Fitzwater v. Namco Am., Inc.*, No. C-94-20321 RMW, 1994 WL 809642, at *2 (N.D. Cal. Aug. 15, 1994) ("[D]efendants invoke the artful pleading exception to the well-pleaded complaint rule and contend that plaintiff's fifth cause of action is completely preempted by the FLSA."). This court will treat the doctrines as two separate, related exceptions to the well-pleaded complaint rule. *See Campbell*, 19 F. Supp. 2d at 1275.

5

defendant to "remove a case to federal court even though the plaintiff raises only state-law claims in her complaint when 'the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Anderson v. H & R Block, Inc.*, 287 F.3d 1038, 1042 (11th Cir. 2002) (quoting *Caterpillar*, 482 U.S. at 393) (alteration in original). Complete preemption must be distinguished from ordinary preemption, which is a federal defense that may be raised in state as well as federal court. *See Anderson*, 287 F.3d at 1042 n.6 (explaining the difference between complete and ordinary preemption). Because ordinary preemption provides only a defense to a state law claim, it is not a part of the well-pleaded complaint and cannot provide the basis for removal to federal court. *See id.*

The Supreme Court has found complete preemption with regard to only two federal statutes: section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). *See Anderson*, 287 F.3d at 1042. The Eleventh Circuit has "recognized that the complete preemption doctrine should be carefully limited in scope." *Id.* at 1043. The touchstone of a complete preemption inquiry is congressional intent: whether Congress "intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal [one]." *Id.* at 1043 (quoting *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 857 (11th Cir. 1999)) (alteration in original). Among the factors courts consider when determining whether Congress intended a federal statute to completely preempt state law

6

claims are: "whether the state claim is displaced by federal law under an ordinary preemption analysis, whether the federal statute provides a cause of action, what kind of jurisdictional language exists in the federal statute, and what kind of language is present in the legislative history to evince Congress's intentions." *Id.* at 1043 (quoting *BLAB T.V.*, 182 F.3d at 857).

The statutory language in question provides the starting point for the complete preemption inquiry. The FLSA requires employers to pay certain employees overtime pay "at a rate not less than one and one-half times" their regular rate of pay for hours worked in excess of forty per week. 29 U.S.C. 207(a)(1). To ensure compliance with the Act, the FLSA provides a right of action for an employee who has been denied the benefits to which he is entitled under the Act. The section establishing the right of action states that it "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Further, the FLSA states that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law." 29 U.S.C. § 218(a).

To suggest that Congressional language evinces an intent to try all FLSA claims in federal as opposed to either federal or state courts borders on the frivolous. The FLSA contains no indication that Congress intended to completely preempt state law causes of action, nor does it contain a broad grant of federal court jurisdiction over claims involving

overtime pay[2] such as those raised by Hassan.[3] The language of the statute itself indicates that the FLSA does not preempt state laws that contain more stringent requirements than the FLSA. *See* 29 U.S.C. §218(a). *See also Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998) ("[T]he FLSA does not preempt state law contract provisions that are more generous than the FLSA demands."); *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994) ("[T]he FLSA [does not] pre-empt[ ] a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA."). Furthermore, "[t]he FLSA's legislative history does not include, as ERISA's does, plain statements that cases such as this one are intended to arise under the courts' federal question jurisdiction." *Morales v. Showell Farms, Inc.*, 910 F. Supp. 244, 248 (M.D.N.C. 1995).

The defendants have cited several cases for the proposition that the FLSA provides the exclusive remedy for claims for overtime pay. [Doc. # 1, Notice of Removal ¶ 3c (citing *Roman v. Maietta Constr., Inc.*, 147 F.3d 71 (1st Cir. 1998); *Petras v. Johnson*, No. 92 CIV. 8298 (CSH), 1993 WL 228014 (S.D.N.Y. June 22, 1993); *Tombrello v. USX Corp.*, 763 F. Supp. 541 (N.D. Ala. 1991)).][4] Those cases do not address and are inapposite to the complete

---

[2] It is important to note that Hassan does not specifically demand owed overtime pay in her prayer for relief, but merely mentions the words "overtime pay" three times in her complaint. Hassan's claims, therefore, are not *for* overtime pay, but merely involve promised overtime pay.

[3] Indeed, the language in the FLSA creating a private right of action allows FLSA claims to be brought in state court or federal court. *See* 29 U.S.C. § 216(b) The fact that Congress "explicitly contemplated state courts entertaining [FLSA] actions," *Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 1217, 1222 (N.D. Ala. 2000) (construing the Fair Credit Reporting Act), militates against a finding that Congress intended for all claims involving overtime pay to be removable without regard to the well-pleaded complaint rule.

[4] Again, the court notes that Hassan has not specifically pled a claim for overtime pay.

8

preemption issue that is before the court. The cited cases assert that the FLSA is "the exclusive remedy for enforcing rights *created under the FLSA*," *Tombrello*, 763 F. Supp. at 545 (emphasis added), not that all complaints containing the words "overtime pay" are necessarily claims arising under the FLSA. Here, Hassan does not seek to "enforc[e] rights created under the FLSA." She, instead, seeks enforcement of rights created under the common law of Alabama, and asserts only common law theories of liability against the defendants. Indeed, the cited cases are significantly distinguishable, both procedurally and factually, from the case at bar. As a procedural matter, none of the cases involved a question of removal jurisdiction. *See Roman*, 147 F.3d at 72 (appeal from final judgment); *Petras*, 1993 WL 228014, at *1 (motion to dismiss for failure to state a claim); *Tombrello*, 763 F. Supp. at 543 (motion for partial summary judgment). Factually, in all three cases, the complaints stated claims for various unpaid wages under *both* the FLSA and state law. The courts in those cases held that the plaintiffs could not collect both liquidated damages under the FLSA and equivalent damages for the same wrong under a state law theory of recovery. *See Roman*, 147 F.3d at 76; *Petras*, 1993 WL 228014, at *3; *Tombrello*, 763 F. Supp. at 545 ("[A] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."). In the case at bar, Hassan does not wish to pursue (nor has she asserted that she actually has) a claim for overtime pay under the FLSA in addition to her state law claims. Hassan contends not that she was entitled to overtime pay under the FLSA, but rather that the defendants falsely represented that she would receive some form of overtime pay. These contentions form the basis of her state law claims for misrepresentation, breach of contract, and fraud. Thus,

9

neither *Roman*, *Petras*, nor *Tombrello* support the defendants' argument that removal of the case on federal question grounds was proper.

The court must emphasize that it does not hold that Hassan's state law claims are *not* preempted by the FLSA. The court holds only that there is not complete preemption such that the plaintiff's state law claims are removable to federal court. After remand, the state court may independently determine that the defense of ordinary preemption bars plaintiff's state law claims. *See Anderson*, 287 F.3d at 1042 n.6 (explaining the difference between complete and ordinary preemption). However, ordinary preemption alone, assuming it would apply in the case at bar, cannot support removal of well-pleaded state law claims.

### B.   Artful Pleading.

The defendants rely heavily on the "artful pleading" doctrine, which represents "another corollary" to the well-pleaded complaint rule. *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998). This doctrine is one which should be rarely invoked, and "is applicable only where there are specialized federal interests at stake which make jurisdiction appropriate." *Campbell*, 19 F. Supp. 2d at 1275 (citing *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir. 1995); *Four Way Plant Farm, Inc. v. NCCI*, 894 F. Supp. 1538, 1543 (M.D. Ala. 1995)). "Federal jurisdiction based on the artful pleading doctrine does not and should not extend beyond specialized situations, . . . which respond to the same principles as those involved in the complete preemption arena." *Campbell*, 19 F. Supp. 2d at 1275.

It is clear to the court that regardless of the precise contours of the artful pleading doctrine, that doctrine is inapplicable to the present case. The defendants' argument that

10

the doctrine should apply is essentially that Hassan has "recast [her] FLSA claim as a state law cause of action in order to avoid federal court." [Doc. # 19, Def's Opp'n, at 5.] However, as noted *supra*, Hassan does not contend that she has a claim under the FLSA; never does she allege that she had a legal right to overtime pay. Furthermore, the principles involved in the complete preemption arena are not implicated in this case, nor do the defendants contend that they are. Hassan in this case has done what every plaintiff is entitled to do: she has chosen "for better or worse, to rely on state claims."[5] *Campbell*, 19 F. Supp. 2d at 1276 (citing *Marcus*, 138 F.3d at 52). Her well-pleaded state law claims cannot be converted into federal ones for purposes of the removal statute simply because the facts as alleged by Hassan might or could support a claim under the FLSA.

## IV.  Conclusion.

The court therefore concludes that it is without federal question jurisdiction over this case. Because of its resolution of the jurisdictional question, the court need not consider the plaintiff's alternative argument that the defendants waived their right to remove by filing a dispositive motion in the state court prior to removal. Accordingly, the plaintiff's motion to remand will be granted and this cause will be remanded to the Circuit Court of Jefferson County, whence it was improvidently removed.

Costs of removal, including the plaintiff's attorney fees in the amount of $1,000.00 will

---

[5] The court emphasizes that the plaintiff has done no more than she is entitled to do. That is not to say that she and her lawyer have acted wisely in throwing *Corpus Juris Secundum* at the defendants and the courts. Indeed, it might be argued that in today's litigation industry counsel might be found wanting should he simply make a professional effort to identify and plead only genuine claims in his lawsuit. Surely, today Mr. Lincoln would be lost in the sea of claims, defenses, depositions, interrogatories, motions for sanctions, motions for extentions, motions in limine, motions to dismiss, motions for summary judgment, motions for leaves of absence, and notices of conflicts.

be **Taxed** in favor of the plaintiff and against the defendants.

    A separate order consistent with the memorandum will be entered.

    Done, this __18th__ of September, 2002.

                                                          Edwin Nelson
                                          United States District Judge